IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL JUNGEN                                                                    PLAINTIFF

v.                                    Civil No. 13-2022

SHERIFF RON BROWN, Crawford
County, Arkansas; JEFF MARVIN,
Administrator of the Crawford County
Detention Center; LIEUTENANT VENA
CUPP; and SERGEANT CARRIE DOWDY                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael Jungen, filed this civil rights complaint under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Jungen is currently incarcerated in the Cummins Unit of the Arkansas Department of Correction (ADC). The events at issue in this case occurred while Jungen was incarcerated in the Crawford County Detention Center (CCDC). Jungen maintains his constitutional rights were violated when Defendants failed to protect him from attack by a fellow inmate.

Defendants have filed a motion for summary judgment (Docs. 14-16). Plaintiff has responded (Doc. 23). The motion is ready for decision.

### 1. Background

There is little dispute about the material facts of this case. Jungen was arrested on July 19, 2011, and booked into the CCDC. *Defendants' Exhibit* (hereinafter *Defts' Ex.*) A; *Plaintiff's Response* (Doc. 23)(hereinafter *Resp.*) at ¶ 3. On April 17, 2012, because he was a sex offender, Jungen was assigned to cell block two which was protective custody (PC). *Resp.* at ¶¶ 4-5. Inmate

Jason Strickland was moved to PC after chasing an inmate in another cell block with a handmade knife (shank). *Resp.* at ¶ 9. Following the move, Strickland was on lock-down for three days. Jungen contends that when Defendants allowed Strickland to be out of his cell they put everyone in PC in danger--especially the sex offenders. According to Jungen, Strickland asked "numerous" times if he could be moved out of PC.

On April 17th, when he was exiting the shower, Jungen was attacked by Strickland. Jungen maintains he was stabbed three times in the right side of his face. *Resp.* at ¶ 6. Jungen asserts that he did nothing to provoke the attack; he believes he was attacked because he was a sex offender. *Id.* at ¶¶ 7-8. Strickland had not threatened Plaintiff but Plaintiff maintains Strickland had made threats against sex offenders as a group. *Id.* at ¶ 10.

Jail records confirm the assault. The entire incident was captured by video cameras and recorded. *Defts' Ex.* D. While watching on a security monitor, Deputy John Stevens observed Strickland knock Jungen to the floor and begin beating on him. *Defts' Ex.* B. According to Stevens' incident report, he went to the cell block, pushed Strickland off Jungen, and ordered Strickland to his cell.[1] *Id.* Stevens recovered a shank and took Jungen to the hallway to evaluate his injuries. *Id.*; *see also Resp.* at ¶ 14.

Stevens cleaned Jungen's wound and noted that Jungen had a small, quarter of an inch, cut to the right side of his face. *Defts' Ex.* B. It was also noted that Jungen had a small scratch on his neck and chin. *Id.* According to Stevens, Jungen declined further medical treatment and said he

---

[1] Plaintiff maintains it was an inmate Ronnie Cash who pushed Strickland off him and not Stevens. *See Resp.* at ¶ 12. This dispute, however, it not material.

AO72A
(Rev. 8/82)

wanted his injury documented so he could press charges against Strickland.[2] *Id.* Sergeant Dowdy photographed the injuries. *Defts' Ex.* E.

Deputy Anthony Whitman also prepared an incident report. *Defts' Ex.* C. According to Whitman, Strickland said that he had attacked Jungen partly because he wanted to be removed from the pod and partly because Jungen "bragged" to him about what he had done to a little boy. *Id.*

Although Plaintiff wanted to press charges against Strickland, he asserts that the jail would not let him. *Resp.* at ¶ 17. He wrote letters to the prosecutor and also talked to the state police. *Id.* However, no charges were brought against Strickland. *Id.*

Plaintiff was not attacked again by Strickland. *Resp.* at ¶ 22. However, he states all of the other inmates tried to keep a safe distance from Strickland so he could not grab them. *Id.*

When asked whether he contended a custom, policy, or practice of the Defendants result in his being deprived of his federal constitutional rights, Plaintiff responded that inmates were not separated as required by jail standards. *Resp.* at ¶ 26. If inmates had been separated in accordance with state standards, Plaintiff maintains the attack would not have happened. *Id.* at ¶ 27. He asserts that jail over crowding was the root of the problem. *Id.*

## 2. Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the

---

[2] Plaintiff also asserts he needed to see a doctor and that he was taken to a clinic the following day. Again, these disputed facts are not material.

burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3. Discussion

Defendants contend they are entitled to summary judgment on the following grounds: first, they contend Plaintiff was not incarcerated under conditions presenting a substantial risk of serious harm; second, they maintain that Plaintiff's *de minimus* injuries are insufficient to support the claim; and third, they argue that there is no evidence to show that the alleged constitutional violation resulted from a custom or policy of Crawford County.

"Prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Holden v. Hirner*, 663 F.3d 336, 340-41 (8th Cir. 2011)(*citing Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To prevail on his failure to protect claim, Jungen must first prove he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. "This is an objective requirement to ensure the deprivation is a violation of a constitutional right." *Holden*, 663 F.3d at 341 (citation omitted). Second, Jungen must "establish the prison officials were deliberately indifferent to inmate health or safety. This is a

AO72A
(Rev. 8/82)

subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety." *Id*. (citation and internal quotation marks omitted); *see also Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007)(discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

Jungen has failed to establish that there are genuine issues of material fact with respect to his failure to protect claim. There is no evidence suggesting that: the jail staffing was inadequate; an atmosphere of violence existed; Jungen or any other sexual offenders had requested protection from Strickland; that Jungen had voiced any concerns for his safety; or that there were incidents when sex offenders in PC were being attacked by other non-sex offender PC inmates.

"[A] general risk of violence in a [prison] unit does not by itself establish knowledge of a substantial risk of harm." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011). Additionally, "[a]n inmate's history of violence alone is insufficient to impute to prison officials subjective knowledge of the inmate's danger to harm other inmates." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).

The evidence presented is insufficient to create a genuine issue of material fact as to whether Jungen was incarcerated under conditions posing a substantial risk of serious harm. Similarly, the evidence presented is insufficient to create a genuine issue of material fact as to whether Defendants knew of and were deliberately indifferent to an excessive risk of danger.

### 4. Conclusion

I therefore recommend that Defendants' motion for summary judgment (Doc. 14) be granted and this case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of January 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)